**UNITED STATES of America**
v.
**Alfred C. MEADE, Appellant,**
**and Jacqueline Meade.**
**No. 73–1474.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 9, 1973.

Decided Feb. 11, 1974.

James H. Logan, Pittsburgh, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty., Charles F. Scarlata, Kathleen Kelly Curtin, Asst. U. S. Attys., Pittsburgh, Pa., for appellee.

Before STALEY, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

Appellant Meade, with his wife Jacqueline, was indicted for violation of Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2. The two-count indictment charged that they twice knowingly and intentionally had unlawfully distributed heroin. The appellant was tried to a jury and found guilty on both counts.[1] This appeal followed.

The Government, in its case, adduced the testimony of an agent of the Bureau of Narcotics and Dangerous Drugs that he had on two occasions purchased heroin from the appellant. The agent testified further that he had been introduced to the appellant by an informant who was present at both sales.

Meade took the stand and explained his version of the circumstances surrounding the sales. His defense was entrapment. With respect to certain aspects of the court's instructions on entrapment, Meade's counsel specifically objected before the case was submitted to the jury.

On appeal the appellant continues to contend that the trial judge erred in his instruction to the jury on the defense of entrapment. In addition, the appellant raises two other questions. He contends that he was denied a speedy trial, and that the trial court's rulings with respect to disclosure of the identity of the Government's informant was in error.

A review of the record reveals the information regarding the informant that the appellant alleges was wrongfully withheld is now available to him. Since we are of the opinion that the trial judge committed reversible error in his charge to the jury on entrapment and that a new trial is necessary, we need not decide the question appellant raises regarding the informant.

We shall first examine the merits of the appellant's allegation of an unconstitutional deprivation of his right to a speedy trial. The appellant was indicted on March 8, 1972. He was arraigned on March 30, 1972. At the arraignment, Meade stated that he had retained private counsel. The trial judge was subsequently informed via letter dated June 9, 1972, by the lawyer the appellant named at the arraignment that he did not intend to enter an appearance unless he was compensated. On August 1, 1972, in response to this information, the court ordered the appellant to retain private counsel or show cause why counsel should not be appointed for him. Counsel was appointed by the court on August 11, 1972.

The appellant's case had been listed for trial in September 1972. However, pre-trial motions filed on behalf of the appellant made it necessary to reschedule it. On November 24, 1972, Meade was found guilty by a jury.

The Supreme Court accepted a balancing test in which the conduct of the prosecution and the defendant are weighed as a means of resolving speedy trial cases. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *Barker* identified some of the factors courts should assess in determining whether an individual right was violated.

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do

---

1. The wife, Jacqueline Meade, pleaded guilty and was sentenced.

little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. at 530, 92 S.Ct. at 2192.

The prejudice that appellant charges stems from a sentence he received on June 21, 1972, in state court. According to Meade, the sentencing judge would have provided that the state sentence run concurrently with any Federal sentence had he been convicted of the Federal charges before July 20, 1972. Meade was, as we noted above, not convicted until November 24, 1972.

■ We find no merit in Meade's contention that his right to a speedy trial was violated because the Federal authorities did not try him before the expiration of the time during which the state sentence could have been altered. The interest that he alleges the delay prejudiced was not an interest that the speedy-trial right was designed to protect. See Barker v. Wingo, 407 U.S. at 532, 92 S.Ct. 2182. Meade's Federal case was clearly not prejudiced by the delay. None of the factors that *Barker* set forth were present in a way that would violate the appellant's right to a speedy trial.

We turn now to a consideration of appellant's contention that the district court's charge to the jury on the entrapment issue contained reversible error. Our court has made the following comments regarding trial-court directions to the jury.

"Although the trial Judge is allowed a wide measure of discretion in shaping a particular charge, United States v. Meisch, 370 F.2d 768, 774 (3 Cir. 1966),. a misleading instruction is reversible error. 'A conviction ought not to rest on an equivocal direction to the jury on a basic issue.' Bollenbach v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). It is also long settled that an instruction must fairly set forth all of the essential elements of the crime charged." Government of the Virgin Islands v. Carmona, 422 F.2d 95, 99 (C.A.3 1970); see, United States v. Silver, 457 F.2d 1217 (C.A.3 1972). In the instant case the jury was instructed in part as follows:

" * * * Entrapment occurs when the first and chief endeavor of the officers is to create the crime in order to punish it, and when they have persuaded, or lured, or induced a person to commit the crime, *the like of which the person had never committed,* and would not have committed had not the officers inspired it, or incited, or persuaded him into committing it.

\*  \*  \*  \*  \*  \*

"If you find that the informant or the agent, or both of them, conceived of this crime, that is, the selling of the heroin, and that they induced the defendant to sell the drugs, *when he had not sold drugs before,* and would not otherwise have sold drugs except for their persuasion, and that they did this so that they could prosecute him, then, of course, you should acquit him.

\*  \*  \*  \*  \*  \*

"You will recall that the defense of entrapment occurs when the police conceive of a crime and induce a person to commit a crime which the person had not comtemplated *and the like of which the person had not previously committed* and would not have likely committed had not the officers of the law incited or inspired the crime." [Italics supplied.]

■ It is our opinion that the court's instructions in this case indicated to the jury that if the appellant previously had violated the narcotics laws, the entrapment defense would be unavailable to him. Such prior conviction does not preclude an entrapment defense. See, Sherman v. United States, 356 U.S. 369,

78 S.Ct. 819, 2 L.Ed.2d 848 (1958); United States v. Watson, 489 F.2d 504, including note 5 (C.A.3 1973). Here, where appellant admitted having been convicted of possession of narcotics, we hold the above-quoted instructions misled the jury. The court did correctly charge on this point on another occasion. However, we believe that this error was not remedied.

For the foregoing reasons, we shall reverse and remand for a new trial.